UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
STEVEN ALAN MAGRITZ,          )
                              )
          Plaintiff,          )
                              )
     v.                       )   Civil Action No. 12-806 (EGS)
                              )
OZAUKEE COUNTY, et al.,       )
                              )
          Defendants.         )
_____)
```

### MEMORANDUM OPINION

Plaintiff Steven Alan Magritz filed this action on May 15, 2012 against forty-three defendants that include Ozaukee County, Wisconsin, the Ozaukee County Sherriff's Office, and various public employees, including judges, a district attorney, a register of deeds, and a parks commissioner. Plaintiff's claims relate to the foreclosure of plaintiff's land in the State of Wisconsin in 2001 as a result of plaintiff's failure to pay approximately $30,000 in taxes. Upon consideration of two motions to dismiss filed by the defendants and upon the Court's sua sponte review, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims under the *Rooker-Feldman* doctrine. Accordingly, defendants' motions to dismiss are hereby **GRANTED**.

**I.   BACKGROUND**

   **A.   Prior Litigation**

In 2001, a state court in Wisconsin entered a judgment of foreclosure against plaintiff's property for failure to pay

property taxes.  *See* Order Authorizing Entry of Judgment, No. 01-CV-58-B3 (Ozaukee Cnty., Wis., Aug. 8, 2001), ECF No. 9-5. Following the foreclosure of his property, plaintiff retaliated against thirty-six Ozaukee County officials by filing involuntary bankruptcy petitions and other fraudulent legal documents against them, including false liens alleging those officials owed him $15 million.  Dan Benson, *Judge Denies Man's Plea to Toss Out Foreclosure Ruling*, Milwaukee J. Sentinel, Nov. 6, 2007.[1] Plaintiff was convicted of criminal slander of title and sentenced to five years in prison.  Amy Karon, *Lien Machines: Sovereign citizens in Wisconsin make their marks on easily manipulated state system*, Wis. L. J., July 20, 2012.  After he was released from prison in 2007, plaintiff filed a petition to overturn the 2001 foreclosure of his property, arguing that Ozaukee County had no jurisdiction over the foreclosure.  Benson, *Judge Denies Man's Plea, supra.*  The Honorable Andrew T. Gonring, currently named as a defendant in this case, held that plaintiff's petition was filed several years too late, and dismissed the petition.  *Id.*

Also in 2007, plaintiff filed an action in the United States District Court for the District of Wisconsin before the Honorable Charles N. Clevert, Jr.  In that case, Mr. Magritz alleged substantially similar claims to those alleged in this action,

---

[1] For purposes of background, the Court takes judicial notice of several news articles discussing plaintiff's long history of litigation involving the 2001 foreclosure of his property.

including that his property had been taken from him in violation of the Constitutions of the United States and the State of Wisconsin. On June 8, 2009, Judge Clevert ruled that the majority of plaintiff's claims sought to challenge the Wisconsin state court judgment of foreclosure and were accordingly barred by the *Rooker-Feldman* doctrine, under which lower federal courts lack subject matter jurisdiction to review state court judgments. *See* Decision and Order Granting Leave to Proceed In Forma Pauperis and Dismissing Case, *Magritz v. Ozaukee County, et al.*, No. 07-cv-0714 (E.D. Wis. 2007), ECF No. 9-3. Judge Clevert declined to maintain supplemental jurisdiction over several remaining state law claims.

On December 14, 2011, Ozaukee County was granted an injunction against further harassment of its employees by plaintiff. *See* Injunction-Harassment, No. 11-CV-0773 (Ozaukee Cnty., Wisc., Dec. 14, 2011), ECF No. 9-4. The Order, which is effective until December 14, 2015, states that Mr. Magritz "may not file fraudulent legal proceedings in any Court against any county employee, official or supervisor."

    **B.**    **Current Litigation**

        **1.**    **Motions to Dismiss**

On May 15, 2012, plaintiff filed this action against forty-three defendants that include Ozaukee County, Wisconsin, the Ozaukee County Sherriff's Office, and various public employees, including judges, a district attorney, a register of deeds, and a

parks commissioner.  Plaintiff alleges, *inter alia*, that these defendants violated his rights under the federal and Wisconsin State Constitutions by taking his property without just compensation.

On June 27, 2012, forty defendants moved to dismiss.  *See* Defs.' June 27, 2012 Mot. to Dismiss, ECF No. 9 ("June 27 Motion to Dismiss").  Defendants argue that this Court lacks subject matter jurisdiction over the claims under the *Rooker-Feldman* doctrine because plaintiff's claims relate to a 2001 state court judgment foreclosing upon plaintiff's property.  Defendants also allege that the court lacks personal jurisdiction over the defendants, who are Wisconsin state employees and reside in Wisconsin.  Defendants further argue that venue is improper in this Court and that plaintiff has failed to state a claim for which relief can be granted.

On June 29, 2012, this Court issued a Fox/Neal Order advising plaintiff of the June 27 motion to dismiss and explaining his obligation to respond to the motion.  The Order directed plaintiff to respond to the motion to dismiss by no later than July 23, 2012.

On July 6, 2012, a motion to dismiss was filed by the remaining three defendants: Ozaukee County District Attorney Adam Y. Gerol, and two Wisconsin state court judges, the Honorable Sandy A. Williams and the Honorable Andrew T. Gonring.  *See* Defs.'

4

July 6, 2012 Mot. to Dismiss, ECF No. 11 ("July 6 Motion to Dismiss"). In that motion, defendants argue that venue is improper in this Court, that the action is barred by a six-year statute of limitations, and that the action is barred by the Eleventh Amendment, prosecutorial immunity, and judicial immunity.

### 2.   Plaintiff's Subsequent Filings

On July 23, 2012, plaintiff filed identical motions to strike the two motions to dismiss. In the motions to strike, plaintiff did not respond to the grounds alleged in the June 27 Motion to Dismiss, with the exception of the issue of whether defendants were acting in their official capacity. Rather, plaintiff stated that he "reserves the right to address the issues of venue and jurisdiction should the Court so desire." Mot. to Strike at 9, ECF Nos. 16, 17. Plaintiff did not respond specifically to any of the substantive issues raised in the July 6 Motion to Dismiss.

As a result of plaintiff's failure to respond to most of the arguments in the June 27 Motion to Dismiss and any of the arguments in the July 6 Motion to Dismiss, the Court issued a second Fox/Neal Order on July 26, 2012. In the Order, the Court emphasized that plaintiff "is required to respond to a motion to dismiss or risk dismissal of the case." July 26 Order at 2. The Court ordered plaintiff to respond to both motions to dismiss on or before August 24, 2012. *Id.* at 3. The Court also denied plaintiff's motion to strike the motions to dismiss. *Id.* On July

31, 2012, the Court stayed a motion for summary judgment filed by plaintiff pending the Court's ruling on defendants' motions to dismiss. *See* July 31, 2012 Minute Order.

In the last month, plaintiff has filed several documents, none of which meaningfully address the substance of the June 27 or July 6 Motions to Dismiss. Specifically, plaintiff fails to address the argument that this Court lacks subject matter jurisdiction over his claim under the *Rooker-Feldman* doctrine. On August 6, 2012, plaintiff filed a "Praecipe and Notice to the Clerk" in which he alleged that the Court was improperly addressing plaintiff's mail and listed a number of Orders that he contended he had not received.[2] On August 17, 2012, plaintiff filed a document titled "Judicial Notice." *See* ECF No. 22. In that document, plaintiff states that "[t]his Court is a Judicial, and not an administrative proceeding, **and is governed by Equity Jurisprudence**, against all public officers in their *individual* capacity, and . . . [t]his Court **shall** take Mandatory Judicial Notice of the Maxims governing Equity Jurisprudence. They lie at the foundation of universal justice, and have been worthily and

---

[2] Although not necessary to the resolution of the subject matter jurisdiction issue, this claim is substantially belied by subsequent filings made by plaintiff in which he attaches copies of several orders and writes on them that he does not recognize, consent to, or accept them. *See* ECF No. 24. Furthermore, the Court has confirmed that its Orders have been mailed to plaintiff's address on record, which plaintiff has confirmed to be correct in subsequent filings.

6

aptly called *legum leges*-the laws of the laws . . . ." *See id*.

On August 17, 2012, plaintiff filed a "Motion to Demand Presiding Judge Read All Pleadings Complainant Files With This Court, and Adhere Only to Constitutionally Compliant Law and Case Law, and More Particularly, the "Bill of Rights" and the Maxims of Equity Jurisprudence, in its Rulings." *See* ECF No. 23. In the filing, plaintiff further contends that "*[a]ll* Court officers shall honor, uphold and abide by the oaths taken by the presiding judge and attending court officers, and Pursuant to this oaths, base and support all rulings in Equity or case law which is **Constitutionally compliant. . . .**" *Id*. at 2.

Also on August 17, 2012, plaintiff filed a document titled "Verified Bill Quia Timet, and, Complainant's Verified Motions for: Jurisdictional Clarification, and, Clarification of Unsigned 'Orders'." *See* ECF No. 24. In this document, plaintiff contends that he did not file this action in the United States District Court for the District of Columbia, but rather in the "district court of the United States," which plaintiff contends is "the only remaining federal court venue wherein a man, in propria persona, could obtain relief or remedy in original jurisdiction." *See id*. at 1-2. To that end, plaintiff argues that jurisdiction in this Court is improper. *See id*. at 11-12. Plaintiff further argues that someone other than the undersigned is "using the name of Emmet G. Sullivan . . . in a biased and injurious manner . . . ."

*Id*. at 5.  Specifically, plaintiff contends that "some person with access to *this* Court, *possibly* an *inexperienced first-term law clerk*, **but more likely than not someone acting with mens rea**, *but* **certainly not** *the experienced jurist Emmet G. Sullivan himself*, is . . . acting either by mistake or with insufficient knowledge of Equity Jurisdiction and equity pleading, *or with mens rea . . . .*" *Id*.  With respect to this allegation, plaintiff contends that someone "with mens rea" has falsified documents, fraudulently prepared civil cover sheets, and mailed Orders to plaintiff "in an attempt to deceive" him.  *Id*. at 6.  In making these arguments, plaintiff attaches copies of the June 29, 2012 and July 26, 2012 Fox/Neal Orders.  On each of page of the two Orders, plaintiff has written "I do <u>NOT</u> recognize.  I do <u>NOT</u> consent.  I do <u>NOT</u> accept."

On August 23, 2012, the Clerk's Office for this Court posted several pieces of mail that had been sent to plaintiff but were returned as "undeliverable."  Written on each envelope are the words "I do <u>NOT</u> recognize.  I do <u>NOT</u> consent.  I do <u>NOT</u> accept." Those mailings had been properly addressed to the post office box to which plaintiff has repeatedly requested his mail be sent.

**II. DISCUSSION**

    **A.   Lack of Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377 (1994). It is plaintiff's burden to demonstrate that this Court has subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000) (plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence). A court may dismiss a complaint sua sponte when it determines that it lacks subject matter jurisdiction. *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. June 28, 2010); *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, 264 Fed. App'x 1, 1 (D.C. Cir. 2008) (affirming district court's dismissal of *pro se* complaint because "[i]t was proper for the district court to analyze its own jurisdiction sua sponte and dismiss the case for lack of jurisdiction"); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court" because they are without jurisdiction to do so. *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine . . . is confined to

9

cases of the kind from which the doctrine acquired its name: cases brought by state-court loses complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

The Court finds that plaintiff's complaint falls squarely within the ambit of the *Rooker-Feldman* doctrine because it is the "functional equivalent of an appeal" from the 2001 Judgment of Foreclosure.  *See Gray*, 275 F.3d at 1119.  In his complaint, plaintiff claims that "62.25 acres of land in the town of Fredonia, county of Ozaukee, is Complainant's private property, or private land, that was taken for public use without just compensation . . . ."  Compl. ¶ 12.  Plaintiff further alleges that "[o]n or about October 24, 2001, Maurice A. Straub, a public officer and a Respondent herein, accompanied by about two dozen armed public officers, unknown Respondents "Does," entered upon Complainant's *private* land, seized Complainant's *private* land and *private* chattels for public use, and carried Complainant away and locked Complainant in jail."  Compl. ¶ 74.  He states that he "attempted to recover [the property] through the court system but the court refused to provide Complainant remedy."  Compl. ¶ 77.

Furthermore, each of plaintiff's causes of action questions the validity of the underlying 2001 Judgment of Foreclosure. Plaintiff's first two causes of action ask the Court to create a

10

constructive trust holding plaintiff's former property and conduct an accounting of that trust.  *See* Compl. ¶¶ 88-103.  In order to find for plaintiff on Counts I and II, the Court would necessarily have to review and reject the state court's judgment of foreclosure, and determine that it should hold plaintiff's former property in constructive trust, in violation of the *Rooker-Feldman* doctrine.  Count III, for "breach of public trust / breach of fiduciary duty by public officers," which alleges that plaintiff's property was taken for "public use with just compensation," is likewise barred by the *Rooker-Feldman* doctrine because it challenges the validity of the 2001 Judgment of Foreclosure.  In Count IV, plaintiff appears to allege that he was retaliated against as the victim of a crime, the crime apparently being that his property was taken from him by Ozaukee County officials in violation of state law.  Accordingly, this claim is also barred.  In Counts V and VI, titled "Quo Warranto," plaintiff appears to purport to stand in the shoes and bring an action on behalf of the State of Wisconsin, as a result of the State's alleged failure to prosecute county officials for the unjust taking of plaintiff's property.  Thus, all of plaintiff's claims involve either a direct attack on a state court judgment or involve issues that are inextricably intertwined with a state court judgment, and there are no independent claims over which the Court has jurisdiction.  Accordingly, this Court lacks subject matter jurisdiction over all

11

of plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. *See Hunter v. U.S. Bank Nat'l Ass'n*, 698 F. Supp. 2d 94, 99-101 (D.D.C. 2010); *Jerdine v. FDIC*, 730 F. Supp. 2d 218, 224-25 (D.D.C. 2010).[3]

Because the Court has determined that it lacks subject matter jurisdiction over this action, the Court declines to reach the other grounds for dismissal raised by defendants.

**III. CONCLUSION**

For the foregoing reasons, the Court concludes that under the *Rooker-Feldman* doctrine, Steven Alan Magritz, who lost a foreclosure action in Wisconsin, cannot seek review of that Wisconsin judgment in federal court.  Accordingly, defendants' June 27 Motion to Dismiss is hereby **GRANTED**.  Although not specifically raised by defendants Gerol, Williams and Gonring in the July 6 Motion to Dismiss, the Court finds that it lacks

---

[3] Even if plaintiff's claim were not barred by the *Rooker-Feldman* doctrine, however, the Court also finds that plaintiff has conceded the issue of subject matter jurisdiction.  Plaintiff failed to respond to the arguments raised in the motions to dismiss.  Indeed, plaintiff's only response was that he "reserved the right to address the issues of venue and jurisdiction should the Court so desire."  Mot. to Strike at 9, ECF Nos. 16, 17. Upon receiving another opportunity to respond to the motions to dismiss, and after having been warned that he would risk dismissal by failing to respond, plaintiff again failed to address subject matter jurisdiction.  In addition, plaintiff also argued that he did not intend to file this action in the United States District Court for the District of Columbia, but rather in the "district Court of the United States," a court that does not exist.  Accordingly, the Court finds that plaintiff has conceded the issue of subject matter jurisdiction.

subject matter jurisdiction over the claims asserted against those defendants for the same reasons explained above.  *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. June 28, 2010); *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, 264 Fed. App'x 1, 1 (D.C. Cir. 2008) (affirming district court's dismissal of *pro se* complaint because "[i]t was proper for the district court to analyze its own jurisdiction sua sponte and dismiss the case for lack of jurisdiction"); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, defendants' July 6 Motion to Dismiss is also **GRANTED**.  All other pending motions are **DENIED** as moot.  An appropriate order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
              **United States District Judge**
              **August 30, 2012**